William L. Dempsey v. Commissioner.
Dempsey v. Commissioner
Docket No. 25863.
United States Tax Court
1951 Tax Ct. Memo LEXIS 87; 10 T.C.M. (CCH) 936; T.C.M. (RIA) 51281; September 28, 1951
*87 Deduction: Loss - Corporate officer not entitled to deduct payment required to be made to corporation under section 16(b), Securities Exchange Act of 1934. William F. Davis, Jr., 17 T.C. -, followed. Calvin H. Rankin, Esq., for the petitioner. Lester H. Salter, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined a deficiency of $3,831.08 in the 1946 income tax of petitioner by reason of the disallowance of a claimed deduction of $5,525.71 from gross income for that year, which amount petitioner paid over to Sharp & Dohme, Inc., petitioner's employer, under section 16(b) of the Securities and Exchange Act of 1934. Petitioner asks for a redetermination of the deficiency. Findings of Fact All of the facts are stipulated, are so found, and the stipulation is included herein by reference. In all years involved herein petitioner, an individual, kept his books and filed his returns on a cash basis. Effective January 1, 1937, petitioner was appointed assistant to the president of Sharp & Dohme, Inc. (hereinafter called the Company). His employment contract gave him an option to purchase at any *88 time prior to December 31, 1946 all or any part of 5,000 shares of the Company's common stock at $10 per share. The option price was subsequently reduced to $5 per share and the option was fully exercised by petitioner on March 15, 1944. On May 23 and 24, 1944, petitioner sold on the market for $9,275.71 net a total of 750 other shares of the Company's common stock which he had purchased on the market in 1939 and 1940 at a cost of $3,028. The profit of $6,307.71 from this sale was reported by petitioner in 1944 as a long-term capital gain, 50 per cent of which was taken into account and the tax thereon paid at the rate of 50 per cent, in the amount of $1,576.93. None of the shares acquired under the option were sold in 1944. In March 1946 petitioner was for the first time made aware that the exercise of the option in 1944 and the sale by him of his other shares of the Company's stock within six months thereof were subject to the provisions of section 16(b) of the Securities Exchange Act of 1934, quoted in the margin. [1]
*89 On March 14, 1946, counsel for petitioner and the Company wrote to both apprising them of the facts and advising petitioner as follows: "You have advised us that in 1939, 1940 and 1941 you purchased shares of common stock of Sharp & Dohme at various prices ranging from 3 1/2 to 4 1/2, and that on March 15, 1944 you exercised the option which had been granted you incident to your employment by the Company in 1937 by purchasing 5,000 shares at $5.00 per share. You also advise us that on May 23, 1944, out of the shares acquired by you in 1939 and 1940, you sold 50 shares at 12 1/2 and 700 shares at 12 5/8 for a total sale price of $9,275.71; and that in making these sales you delivered the certificates purchased in 1939 and 1940. "In commenting on the preliminary draft of the Company's Proxy Statement for 1946, the Securities & Exchange Commission has now called attention to such of the foregoing facts as were in its possession and, partly in those comments and subsequently in a conversation with its Mr. Woodside, has ruled that the facts must be disclosed in the Company's Proxy Statement, on the theory that they give rise to liability on your part to the Company. You have accordingly *90 asked us to advise you and the Company as to your legal liability under all of the facts. You pointed out that you had acted on the assumption that there was no impropriety in your selling shares within 6 months of the time of your exercise of your option so long as you confined your sale to shares which you had held for 3 or more years, and also pointed out that the sale had been made by you in good faith without intent to avoid the provisions of the Act. "Notwithstanding these circumstances, we must advise you that, in our opinion, you have incurred a legal liability to the Company under Section 16-B of the Securities & Exchange Act of 1934 for the profit realized by you on the purchase and sale of the Company's common stock within the period of 6 months, plus interest thereon at the rate of 6% per annum from the date of such sale. Under the Act it is quite clear that intent is not a necessary element in the creation of such a liability and that liability is imposed by it without any showing of unfair use of inside information. Furthermore, the case of Smolowe et al. v. Delendo Corp. et al., 136 Fed. (2d) 231 (decided in 1943 in the Circuit Court of Appeals for the *91 Second Circuit) specifically holds that liability may not be avoided by showing that the certificates which were sold were purchased at a date prior to the six-months' period, but that, on the contrary, the rule which must be applied is 'that of lowest price in, highest price out - within 6 months * * *', without regard to the identity of the particular certificates purchased or sold within that period. "We accordingly advise you that you are liable to the Company for the difference between the sale price of $9,275.71 and the cost of 750 of the shares purchased by you on March 15, 1944 at $5.00 per share, or $3,750., a difference of $5,525.71, plus interest at the rate of 6% per annum from May 23, 1944 to the date of payment. In our opinion it is the duty of the Company to require you to pay this liability." At the request of the Company's president petitioner paid over to the Company, on March 15, 1946, the amount of $5,525.71 which he claimed as an ordinary deduction on his 1946 return and which respondent disallowed. Petitioner's sole occupation from January 1, 1937 to the date of the hearing was that of an officer of the Company. Since 1939 he also has been a director. *92 The shares of the Company's common stock acquired by petitioner in 1939 and 1940 and sold in 1944 and the shares acquired under the option in 1944 were all held for the production of income and acquired with the expectation of profit. Opinion The facts in this case differ in no material respects from those in William F. Davis, Jr., 17 T.C. - (No. 59) (September 28, 1951), and we consider ourselves bound by the decision there. Accordingly, Decision will be entered for the Respondent. Footnotes
1. For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection. 48 Stat. 881, 896 (1934), 15 U.S.C.A. § 78p↩.